IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| CHRISTOPHER J. COLLUM, #08850-078 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv278 |
| | | CRIM NO. 6:05cr00114 |
| UNITED STATES OF AMERICA | § | |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

Movant Christopher Jack Collum, a federal prisoner confined at the United States Penitentiary Thompson in Thompson, Illinois, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for disposition of the case.

For reasons explained below, the Court recommends that Movant's section 2255 motion be denied, the case be dismissed, with prejudice, and that Movant be denied a certificate of appealability *sua sponte*.

**I. Procedural History**

On October 23, 2006, after entering a guilty plea, Collum was sentenced to 360 months' imprisonment for one count of conspiracy to possess with intent to distribute and distribution of fifty grams or more of methamphetamine (actual)—in violation of 21 U.S.C. § 846, (Dkt. #258, 6:05cr114) (judgment). He filed a direct appeal, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal as frivolous. *See United States v. Collum*, 267 F. App'x 324, 2008 WL 474194, at *1 (5th Cir. 2008) (unpublished). On April 6, 2017, United States District Judge Ron Clark reduced Collum's sentence to 324 months' imprisonment in accordance with the

amended sentencing guidelines, (Dkt. #356). Collum filed this section 2255 motion on May 14, 2020, pursuant to the mailbox rule.

## II. Collum's Motion

Collum maintains that he pleaded guilty in 2005 to conspiracy to possess narcotics fifty grams or more, and "[h]e plead guilty to 94.5 grams and was hit with every enhancement under the sun." The advisory guidelines were inflated. He asserted that he tried to appeal, but his attorney "sabotaged" the appeal by filing an *Anders* brief. Collum further asserts that he is entitled to collateral relief based on *Shular v. United States*, 140 S. Ct. 779 (2020).

## III. The Government's Answer

In response to an order from the Court to respond, the Government argues that Collum's section 2255 motion should be dismissed, (Dkt. #15, 6:20cv278). Specifically, the Government maintains that Collum's motion is untimely. Further, the Government argues that the holding in *Shular* does not benefit Collum and that *Shular* did not announce a new constitutional right and was not made retroactive.

## IV. Collum's Response

Collum argues that the Government's response only addresses timeliness. He further argues that equitable tolling should apply to his motion due to extraordinary circumstances, as "the prosecutor, Judge, and Defense were made aware and in agreement that there would be no 851 enhancement if [he] plead guilty." Collum then argues that his trial counsel was ineffective for coercing him to plead guilty.

## V. Legal Standards

*A. Federal Habeas Corpus Proceedings*

Section 2255 is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). Section 2255 "provides relief for a petitioner who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is subject to collateral attack." *U.S. v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1999) (citing *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994)).

In other words, cognizable claims within a section 2255 motion are narrow; the movant may not present a generalized, broad attack challenging the legality of his or her conviction and, importantly, non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in section 2255 proceedings—absent a showing of cause for the procedural default and actual prejudice ensuing from the error. *United States v. Shaid*, 936 F.2d 228, 232 (5th Cir. 1991); *see also Villasenor-Cruz v. United States*, 2017 WL 6627045 (E.D. Tex.—Sherman, Oct. 3, 2017) (same).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, which imposed a number of habeas corpus reforms, an inmate must file a section 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Section 2255 imposes a general one-year statute of limitations.

A case is final when a judgment of conviction is rendered, the availability of an appeal is exhausted, and the time for filing a petition for certiorari has lapsed or a certiorari petition is actually denied.

A prisoner may file an otherwise untimely section 2255 motion, based on a new constitutional right, within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2255(f)(3). In other words, an inmate may file an untimely section 2255 motion—based on a new constitutional right that has been held to apply retroactively to collateral proceedings—within one year of the announcement of that right. *See, e.g.*, *U.S. v. Williams*, 402 F. App'x. 945 (5th Cir. 2010) (unpublished).

**VI. Discussion and Analysis**

As the Government indicates, Collum's section 2255 motion is untimely and should be dismissed. Collum's direct appeal was dismissed on March 17, 2008. Because he did not seek certiorari with the United States Supreme Court, his conviction became final on or around June 16, 2008. *See United States v. Ibarra*, 2013 WL 12203197, at *1 (W.D. Tex. Apr. 2013) (explaining that when a federal defendant fails to seek a petition for certiorari, the judgment of conviction becomes final ninety days after the appellate court rules on the direct appeal); *Clay v. United States*, 537 U.S. 522, 523 (2003) (if a defendant appeals a conviction to the intermediate

4

appellate court but does not seek review form the Supreme Court, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmance of the conviction."). Therefore, Collum's section 2255 motion was due in June 2009—and his May 2020 section 2255 motion is untimely and should be dismissed—absent any tolling.

*Shular* does not save Collum's motion. In *Shular*, the Supreme Court held that the categorical approach that applies in determining whether an offense qualifies as a "serious drug offense" is different than the approach applicable in determining a "violent felony," wherein the elements of the offense in question necessarily encompass one of the types of conduct described in 18 U.S.C. § 924(e). *See Shular*, 140 S. Ct. at 785-87; *see also United States v. Bass*, 996 F.3d 729, 740 (5th Cir. 2021) (explaining that the Supreme Court recently held that the "serious drug offense" definition in section 924(e) "requires only that the state offense involve the conduct specified in the federal statute; it does not require that the state offense match certain generic offenses.") (citing *Shular*, 140 S. Ct. at 782).

Here, however, *Shular* does not apply retroactively and does not apply to Collum's conviction. The Court in *Shular* did not announce a new constitutional right and did not specifically find that it applies retroactively. More importantly, *Shular* does not apply to Collum's conviction because the record reflects that the sentencing guideline enhancement concerned Collum's previous federal conviction—not any state law conviction. *See Thompson v. United States*, 2021 WL 322417, at *3 (M.D. Fla. Feb. 1, 2021) ("The justices [in *Shular*] held unanimously that a 'serious drug offense' means a state offense that 'involves' the conduct specified in Section 924(e)(2)(A)(ii). That said, this ruling does not affect Thompson's conviction. Thompson was convicted of a federal drug offense, not a state drug offense. And he was not sentenced under

Section 924(e)(2)(A)(ii). Ground Two is thus untimely."). The court in *Thompson* also found that *Shular* did not create a new constitutional right. *Id*.

Here, Collum's Presentence Investigation Report (PSR) shows that—in calculating his sentence under the sentencing guidelines—two points were added due to Collum's previous 2001 federal drug conviction in case number 6:01cr28, (Dkt. #256, 6:05cr114) (sealed PSR). No points were added for any state convictions. Therefore, as in *Thompson*, *Shular* does not apply to Collum's conviction.

To the extent Collum challenges his guilty plea, his claim is untimely and any argument for tolling fails. His claim—that the prosecutor, the Judge, and the defense "were made aware and in agreement that there would be no 851 enhancement"—could and should have been raised or discovered earlier with the exercise of due diligence. *See United States v. Petty*, 530 F.3d 361, 364-65 (5th Cir. 2008). Accordingly, Collum's May 2020 section 2255 motion is untimely and should be dismissed.

## VII. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a section 2255 proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The court may address *sua sponte* whether movant would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a [movant] relief is in the best position to determine whether the [movant] has made a substantial showing of a denial of a constitutional right on the issues before the court.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the

movant need only show that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002). The Supreme Court recently emphasized that the COA inquiry "is not coextensive with merits analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (quoting *Miller-El*, 537 U.S. at 336). Moreover, "[w]hen the district court denied relief on procedural grounds, the petitioner seeking a COA must further show that 'jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rhoades v. Davis*, 852 F.3d 422, 427 (5th Cir. 2017) (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012)).

Here, Collum failed to present a substantial showing of a denial of a constitutional right or that the issues he has presented are debatable among jurists of reason. He also failed to demonstrate that a court could resolve the issues in a different manner or that questions exist warranting further proceedings. Accordingly, he is not entitled to a certificate of appealability.

## RECOMMENDATION

It is recommended that the above-styled section 2255 motion be denied, the civil action be dismissed, with prejudice, and that Collum be denied a certificate of appealability *sua sponte*.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and

recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 9th day of May, 2022.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE